UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===

BILLIE R. BANKS,

                     Plaintiff,

      v.                                           **DECISION AND ORDER**

                                            14-CV-970S

GENERAL MOTORS, LLC,

                     Defendant.

===

## I.     Introduction

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; 42 U.S.C. § 1981; and the New York State Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ("NYSHRL"). Plaintiff, an African American female, contends that Defendant General Motors discriminated against her based on her race and sex, creating and permitting a hostile work environment since 2002.  She also alleges that Defendant retaliated against her for complaining about her working conditions.  Specifically, she claimed that Defendant retaliated by denying her disability benefits, in violation of Title VII (the Ninth Cause of Action) and NYSHRL (the Tenth Cause of Action), Banks v. General Motors, LLC, No. 14CV970, 2020 WL 6827707, at *6, 16-17, 19-21 (W.D.N.Y. Nov. 20, 2020) (Skretny, J.) (Docket No. 91).

Defendant moved for summary judgment (Docket No. 76) seeking dismissal of the Complaint either on statute of limitations grounds or Plaintiff's failure to state prima facie claims.  On November 20, 2020, this Court granted in part and denied in part the motion (Docket No. 91, Banks, 2020 WL 6827707; familiarity with this Decision and Order is

presumed).  That Decision and Order left for trial Plaintiff's Ninth and Tenth Causes of Action for retaliation in denying payment of disability leave benefits in 2013.

Separately, this Court issued a Final Pretrial Order, scheduling the Jury Trial on May 17, 2022 (Docket No. 112), with a status conference set for December 15, 2021, and the first round of pretrial submissions due March 9, 2022.

Now before this Court is Defendant General Motors' motion (Docket No. 110[1]) to reconsider the denial of summary judgment dismissing retaliation claims alleged in Plaintiff's Ninth and Tenth Causes of Action (Docket No. 110).  This is based upon newly revealed information regarding Plaintiff's disability benefits.

For the reasons stated herein, Defendant's Motion for Reconsideration (Docket No. 110) of the denial of Summary Judgment (Docket No. 76) dismissing the Ninth and Tenth Causes of Action is **granted**.  Upon reconsideration and the materials now presented by Defendant (see Docket Nos. 110, 118), its Motion for Summary Judgment (Docket No. 76) is **granted** in its entirety and this case thus is dismissed.

## II.   Background

### A.  Facts—Retaliatory Denial of Benefits

Plaintiff alleged longstanding hostile work environment for racial and sexual discrimination at Defendant's Lockport plant.

---

[1]In support of its motion, General Motors submitted the Declaration of its human resources specialist Michelle Passino with exhibit, Docket No. 110, as corrected, Docket No. 111; and General Motors' Memorandum, Docket No. 110.

Plaintiff responded in opposition with her Declaration, the Declaration of her attorney, and her Memorandum of Law, Docket No. 113.

Defendant replies with its Reply Memorandum and attached the revised Declaration of Ms. Passino, Docket No. 118.

This Court granted in part Defendant's Motion for Summary Judgment (Docket No. 76) dismissing most claims, Banks, supra, 2020 WL 6827707, save Plaintiff's claims that Defendant retaliated against her by denying (or delaying) disability payments, id. at *16-17.

This Court held portions of two retaliation claims remain for trial, id. at *6, 16-17, 19-21. The Ninth Cause of Action of the Complaint alleges that Plaintiff was treated adversely because of her complaining about Defendant's unlawful discriminatory practices and Defendant retaliated against her in violation of Title VII (Docket No. 1, Compl. ¶¶ 186-91), while the Tenth Cause of Action alleges the same retaliation as violation of the New York Human Rights Law (id. ¶¶ 193-99).

There, this Court found that Plaintiff alleged an adverse employment decision in denying or delaying the disability payments, id. at *17. Noting that Defendant had not addressed the termination of Plaintiff's medical leave benefits and merely calling the denial de minimis, this Court found that Defendant had "not produce[d] the amount of Plaintiff's benefits and confirm when they were terminated" or established a mere delay in payment, id. at *20. What then was unclear from the summary judgment motion papers was how long Plaintiff was deprived of these benefits, the amount that was unpaid or delayed, and whether this denial was de minimis or temporary as General Motors asserted, id. Therefore, Defendant's Motion for Summary Judgment on those retaliation claims was denied, id. at *20, 21.

Defendant's Motion for Reconsideration (Docket No. 110) focuses on whether there was an adverse employment action regarding Plaintiff's disability benefits. General

3

Motors now argues that any loss of disability benefits was brief, from November 22, 2013, through February 15, 2014 (Docket No. 110, Michelle Passino Decl. ¶ 9, Attach. 1; see Docket No. 118, Ex. A (revised) Decl. of Michelle Passino[2] ¶ 9), with an outstanding payment later detected and paid on January 12, 2021 (Docket No. 118, Ex. A, revised Decl. ¶ 10).  General Motors contends that Plaintiff applied for disability leave and was initially approved on September 9, 2013, by General Motors' third-party administrator, Sedgwick (id. ¶¶ 5, 2).

Dr. Don Jones examined Plaintiff on November 22, 2013, to confirm her eligibility for disability benefits and found that Plaintiff did not have any functional impairment demonstrating unfitness for duty; the third-party administrator suspended her disability benefits (id. ¶ 6), see 2020 WL 6827707, at *14, 4.  Plaintiff appealed this decision on November 26, 2013, and submitted additional medical information (id. ¶ 7; see Docket No. 89 Def. Atty. Reply Decl. ¶ 8, Ex. E).  Upon review of this information, the third-party administrator concluded Plaintiff substantiated her disability and reinstated her benefits retroactive to November 22, 2013 (Docket No. 118, Ex. A, revised Decl. ¶ 8), Plaintiff receiving $9,029.02 on January 31, 2014, and $15,279.74 on February 15, 2014 (id. ¶ 9; Docket No. 110, Passino Decl. ¶ 9, Attach. 1).

Years later during the pendency of this action and following General Motors' investigation, Defendant reconciled payments and found that it still owed Plaintiff $3.00 for these benefits and Sedgwick issued her a check for that amount on January 12, 2021 (Docket No. 118, Ex. A, revised Decl. ¶ 10).

---

[2]For reasons stated below, this Court will cite the revised Declaration (referenced hereafter as "Docket No. 118, Ex. A, revised Decl.") and attachments to the original Declaration.

In her opposition Declaration, Plaintiff states that on November 22, 2013, her disability benefits were abruptly terminated, and she claimed she did not meet with Dr. Jones on that date (Docket No. 113, Pl. Decl. ¶¶ 6, 7-8, 11).  Plaintiff's psychiatrist did not release Plaintiff to return to work in November 2013 (id. ¶ 10; see id. ¶ 9).  Plaintiff spoke with Dr. Jones on May 5, 2014, after she had a medical release to return to work (id. ¶ 11).

Plaintiff said that personnel director, Susan Gouthro, called her during this unpaid leave period gloating that "I hear your sick leave benefits are cut off, that must be tough" (id. ¶ 12).  "Because of GM's termination of my disability benefits," Plaintiff stated that "I was without income for over approximately two months" (id. ¶ 14; see id. ¶ 13), and she claims denial was in retaliation for her filing discrimination charges (id. ¶ 15).

B.  Defendant's Motion to Reconsider (Docket No. 110)

During a subsequent pretrial conference, Defendant indicated that it would seek reconsideration, but Plaintiff argued that she still had a claim even for delayed payment under Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (Docket No. 95; see Docket No. 109).  This Court set the deadline of July 30, 2021, for General Motors to file its motion.  Defendant duly moved (Docket No. 110); responses from Plaintiff to this motion were due by August 30, 2021, and reply initially due by September 7, 2021 (Docket No. 109; cf. Docket Nos. 114, 116), later extended to September 17, 2021 (Docket Nos. 117, 115).  After timely submission of responding and reply papers, this Court deemed the motion submitted without oral argument.

### III.   Discussion

A.  Applicable Standards

    1.   Reconsideration, Rule 54(d)

As Plaintiff correctly observes (Docket No. 113, Pl. Memo. at 3, quoting Lopez v. Goodman, No. 10CV6413, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (Siragusa, J.) and case cited therein), there is no "Motion for Reconsideration" under the Federal Rules of Civil Procedure.   Aside from this Court's discretion, e.g., Carson v. Superintendent of Elmira Corr. Fac., No. 16CV688, 2017 WL 759842, at *1 (W.D.N.Y. Feb. 27, 2017) (Geraci, C.J.) (cf. Docket No. 118, Def. Reply Memo. at 4 and cases cited therein), the closest rule governing reconsideration is Federal Rule of Civil Procedure 54(b), when this Court directs (as here) judgment be entered against some (but not all) of the claims, that Decision and Order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b); see 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2660, at 148 (Civil ed. 2014); North v. U.S. Dep't of Justice, 892 F. Supp.2d 297, 299 (D.D.C. 2012) (district court has inherent power to reconsider interlocutory orders as justice requires); Chiclow v. Fischer, 309 F. Supp. 3d 14, 16 (W.D.N.Y. 2018) (Wolford, J.) (same).   "Reconsideration of a court's previous order is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" Peterson v. Home Depot U.S.A., Inc., No. 11 Civ. 5747 (ER), 2014 WL 1355622, at *1 (S.D.N.Y. Apr. 4, 2014) (quoting Parrish v. Sollecito, 235 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)) (Docket No. 113, Pl. Memo. at 3).

The standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (Docket No. 110, Def. Memo. at 6; Docket No. 113, Pl. Memo. at 3).   A movant seeking reconsideration "may not merely . . . 'advance new facts, issues or arguments not previously presented to the Court,'" Carson, supra, 2017 U.S. Dist. LEXIS 267996, at *2 (quoting Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)).

A "'motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge.' Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994)," Garraway v. Smith, No. 12CV924, 2020 WL 6392076, at *1 (W.D.N.Y. Nov. 2, 2020) (Skretny, J.).   Re-argument of points that movant did not prevail initially is not the proper basis for a motion to reconsider, Garraway, supra, 2020 WL 6392076, at *2 (see Docket No. 113, Pl. Memo. at 8).

Grant or denial of reconsideration is subject to this Court's discretion, e.g., Ifedigbo v. Buffalo Public Schools, No. 13CV637, 2018 WL 2901331, at *1 (W.D.N.Y. June 11, 2018) (Skretny, J.); see McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).

Judge Elizabeth Wolford explained in Chiclow that revision of an Order under Rule 54(b) is appropriate upon a showing "(1) 'an intervening change in controlling law,' (2) 'the availability of new evidence,' or (3) 'the need to correct clear error of law or prevent manifest injustice,'" Chiclow, supra, 309 F. Supp.3d at 16 (citation omitted); see also

Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4478, at 790, current edition, 18B Federal Practice and Procedure, § 4478, at 640 642 (Juris. ed. 2019)).  New evidence refers to newly discovered evidence or evidence not available prior to rendering the Decision (Docket No. 113, Pl. Memo. at 7, quoting Pettiford v. City of Yonkers, No. 14 Civ. 6271, 2020 WL 1989419, at *2 (S.D.N.Y. Apr. 27, 2020).  Manifest injustice for reconsideration is defined as "an error committed by the trial court that is direct, obvious, and observable,' Idowu v. Middleton, 12 CIV. 1238(BSJ)(KNF), 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (quoting In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)); Corpac v Rubin & Rothman, LLC, 10 F. Supp.3d 349, 354 (E.D.N.Y. 2013).

Defendant as movant bears a heavy burden to demonstrate that there was an intervening change in the law (not claimed here), new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice, Quinn v. Altria Grp., Inc., No. 07 Civ. 8783(LTS) (RLE), 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008); Rogers v. Bank of New York Mellon, No. 09 Civ. 8551, 2017 WL 4157376, at *2 (S.D.N.Y. Sept. 19, 2017) (quoting Quinn, supra, 2008 WL 3518462, at *1) (Docket No. 113, Pl. Memo. at 3).  The purpose of this heavy burden is to ensure the finality of this Court's decision, see id.

As this Court recently observed in Fairbank Reconstruction Corp. v. Greater Omaha Packing Co., No. 13CV907, 2020 WL 742702, at *6 (W.D.N.Y. Dec. 18, 2020) (Skretny, J.),

8

"'[I]f the movant had the opportunity to present the evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, the Rule 54(b) motion should be denied." <u>Vornado Realty Tr. v. Castlton Envtl. Contractors, LLC</u>, No. 08-CV-4823 WFK JO, 2013 WL 5719000, at *3 (E.D.N.Y. Oct. 18, 2013). In other words, "a motion for reconsideration does not mean the parties get a 'do over.' " <u>J.S. v. Attica Cent. Sch.</u>, No. 00-CV-513S, 2011 WL 6140527, at *1 (W.D.N.Y. Dec. 9, 2011) (quoting <u>Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union</u>, No. 00–CV–3613, 2004 WL 1943099 (S.D.N.Y. Aug. 27, 2004))."'

> 2. Reconsideration of Summary Judgment Motion and Form of Declaration

As reconsideration of a Motion for Summary Judgment, Defendant needs to support its contention that there is no material issue of fact by citing to materials in the record "including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other material," Fed. R. Civ. P. 56(c)(1)(A).  An affidavit or declaration used to support the Motion for Summary Judgment must be made on personal knowledge, <u>id.</u>, R. 56(c)(4).

As observed by one district court, a formal affidavit is no longer required because 28 U.S.C. § 1746 permits unsworn written statements that are "subscribed in proper form as true under penalty of perjury," <u>Davis v. Solid Waste Servs., Inc.</u>, 20 F. Supp.3d 519, 530 (E.D. Pa. 2014) (quoting 28 U.S.C. § 1746); <u>see</u> 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2738, at 340-41 & n.37 (Civil 4th ed. 2016).  An unsworn declaration made under penalty of perjury has the same evidentiary support with like force as a duly sworn statement when subscribed to under penalty of perjury and dated, 28 U.S.C. § 1746.  The court in <u>Davis</u>, <u>supra</u>, 20 F. Supp.3d at 530, disregarded unsworn and unsubscribed purported declarations, <u>see</u> <u>Woloszyn v. County of Lawrence</u>, 396 F.3d 314, 323 (3d Cir. 2005); <u>Pension Benefit Guar. Corp. v.</u>

9

Heppenstall Co., 633 F.2d 293, 300 (3d Cir. 1980) (unsigned affidavit rejected as basis for summary judgment motion); see also 10B Federal Practice and Procedure § 2738, supra, at 341 (unsworn affidavits will be rejected).

A declaration under § 1746 must (1) declare, (2) under penalty of perjury, (3) that the matter sworn to be was true and correct, In re World Trade Center Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013).  Omission of the phrase "under penalty of perjury" "would 'allow[ ] the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods,'" id., quoting Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988).  Section 1746 "requires that a certification of the truth of a matter be expressly made under penalty of perjury.  Any other result would be contrary to the plain language of the statute and the objective sought to be advanced by it," id.  Substantial compliance with § 1746 is required rather than use of a particular phrase, LeBoeuf, Lamb, Green & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999); the Second Circuit in LeBeouf rejected "true and correct" as a required verbiage, id.

### 3.  Retaliation under Title VII

As previously stated (Banks, supra, 2020 WL 6827707, at *8-9), retaliation for asserting employment discrimination claims is governed by the McDonnell Douglas (McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) burden shifting standards, Richardson v. New York Dep't of Correctional Servs., 180 F.3d 426, 443 (2d Cir. 1999).  Here, Plaintiff needs to show that she participated in a protected activity, that Defendant knew of the activity; that an employment decision or action disadvantaged Plaintiff; and there was a causal connection between the protected activity

and the negative decision, id.; Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002); see White, supra, 548 U.S. at 67-70.  The adverse action needs to be material as found by a reasonable employee, not a "trivial harm[]," or a petty slight or minor annoyance, White, supra, 548 U.S. at 68 (see also Docket No. 110, Def. Memo. at 10). Thus, it is also an objective standard for judging harm and not the Plaintiff's subjective feelings, id. at 68-69.

"To establish a causal connection, a plaintiff must demonstrate that an adverse employment action 'occurred in circumstances from which a reasonable jury could infer retaliatory intent,'" Hudson v. Greyhound Lines, Inc., No. 04CV1026, 2008 WL 819687, at *10 (W.D.N.Y. Mar. 25, 2008) (Skretny, J.) (quoting Parrish v. Sollecito, 256 F. Supp. 2d 264, 268 (S.D.N.Y. 2003)).  Often this is proven indirectly by the close temporal relationship between the protected activity and the discriminatory treatment, Hudson, supra, 2008 WL 819687, at *10 (citing cases).

If that burden is met, Defendant then has the burden to establish it had a nondiscriminatory reason for the decision and, if Defendant does so, the burden shifts back to Plaintiff to establish that Defendant's reason is pretextual for impermissible retaliation, Richardson, supra, 180 F.3d at 443.

4.   Retaliation under New York State Human Rights Law

New York State Human Rights Law also has the same burden of proof and burden shifting from McDonnell Douglas stated above for Title VII claims (see Docket No. 76, Def. Memo. at 6; Docket No. 83, Pl. Memo. at 16-17), Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000); Summa v. Hofstra Univ., 708 F.3d 115, 125 (2d Cir. 2013); Forrest, supra, 3 N.Y.3d at 310, 786 N.Y.S.2d at 394.  As under Title VII, Plaintiff alleges

11

retaliation under the NYSHRL by showing that she participated in a protected activity, that Defendant knew of the activity; that an employment decision or action disadvantaged Plaintiff; and there was a causal connection between the protected activity and the negative decision, e.g., Summa, supra, 708 F.3d at 125.

   B.  Parties' Contentions

General Motors now argues that there is new evidence, proof of its mere delay in Plaintiff's receipt of disability benefits and the timing when it paid Plaintiff (Docket No. 110, Def. Memo. at 7).  Courts have acknowledged that delayed payment of benefits when reinstated later is not an adverse employment action, Messer v. Board of Educ. of City of N.Y., No. 01CV6129, 2007 WL 136027, at *13 (E.D.N.Y. Jan. 16, 2007) (id.); see White, supra, 548 U.S. at 67 (antiretaliation provisions protect individuals "not from all retaliation, but from retaliation that produces an injury or harm")).  Mere delay in receipt of paycheck, or her disability payment, is not an adverse employment action to state a claim for retaliation (id. at 8-9, citing Jones v. New York City Bd. of Educ., No. 09 Civ. 4815 (RWS), 2012 WL 1116906, at *14 (S.D.N.Y. Apr. 2, 2012) (delay of payment of three months)). General Motors distinguished White, since it held that antiretaliation provisions addressed only retaliation that injured (id. at 9-10), White, supra, 548 U.S. at 67; see id. at 57-58, 67-68 (37-day suspension that a reasonable employee would not find to be a material adversity).  In White, plaintiff Sheila White was awarded backpay for a 37-day suspension, id. at 58.  Here, General Motors' third-party administrator denied Plaintiff's benefits, she appealed, and the administrator restored back payment of the benefits (including a belated reconciliation) (id. at 11).  With this new evidence, General Motors concludes that

12

the November 2020 Decision and Order should be reconsidered, and summary judgment entered dismissing the remaining retaliation claims.

Plaintiff responds that Defendant mischaracterized this Court's Decision as opening the door to introduce evidence (Docket No. 113, Pl. Memo. at 4). She denies that Defendant presents new evidence or newly discovered evidence, that the materials produced were available to but not produced by Defendant (id. at 5-10; id., Pl. Atty. Decl. ¶¶ 9-10, 11, 14 ("additional facts" but "not new facts"), 15, 20, 22, 24, 27). Defendant failed to furnish evidence that this so-called new evidence was unavailable or newly discovered (id., Pl. Atty. Decl. ¶ 16). Even if considered, Plaintiff concludes that Defendant's arguments are for the jury to consider (Docket No. 113, Pl. Memo. at 13).

Plaintiff also argues that Michelle Passino's declaration does not conform to 28 U.S.C. § 1746 and thus should be disregarded (id., Pl. Atty. Decl. ¶ 22; id., Pl. Memo. at 11).

In reply, Defendant shifts from arguing that new evidence has come to its attention to urging that this Court to exercise its discretion and reconsider to avoid manifest injustice if the previously undisclosed events of the denial and later restoration of Plaintiff's disability benefits were not considered (Docket No. 118, Def. Reply Memo. at 1-2). Defendant replies first by submitting a revised Declaration for Michelle Passino in substantial compliance with 28 U.S.C. § 1746, concluding that Plaintiff's arguments for rejecting the original Declaration are now moot (Docket No. 118, Def. Reply Memo. at 2 n.1; id., Ex. A, revised Decl.). Defendant argues Plaintiff does not dispute that her disability benefits were reinstated and that she received retroactive pay (Docket No. 118,

13

Def. Reply Memo. at 2).  Defendant further contends that denial of disability benefits on objective medical evidence and later reinstatement where substantiated does not amount to retaliation (id. at 3, 5, citing Messer v. Board of Educ. of City of N.Y., No. 01-CV-6129, 2007 WL 136027, at *13 (E.D.N.Y. Jan. 16, 2007)).  In Messer, the Court held that termination of health benefits did not constitute an adverse employment action where those benefits later were reinstated and applied retroactively, 2007 WL 136027, at *13, citing White, supra, 548 U.S. at 67, in support of the conclusion that there was no prima facie case where benefits were reinstated (id. at 5).  Defendant argues Plaintiff fails to note any distinction between delayed payment (in the precedent cited) from her alleged "cut off" of disability benefits (id. at 4-5).

Defendant seeks reconsideration "in the interest of justice" and asks that this Court exercise its discretion in reconsidering (id. at 3-4, citing Gupta v Attorney Gen. of the U.S., 52 F. Supp.3d 677, 679-80 (S.D.N.Y. 2014); Carson, supra, 2017 WL759842, at *1 (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)) (on court discretion in deciding motion for reconsideration)).  Defendant, however, does not argue an intervening change of law or need to correct a clear error and now no longer claims that this is newly discovered evidence; Defendant essentially seeks to avoid "manifest injustice" (see id. at 3).

C.  Defendant's New Evidence and Consideration of Passino's Declaration

The issue is whether Defendant has met its heavy burden of presenting new evidence or newly discovered evidence to warrant reconsideration.  Defendant tries to meet this burden through the Declaration of Michelle Passino, human resources specialist

with Defendant (Docket No. 110, <u>see</u> Docket No. 111).  Plaintiff, however, notes defects in the original Declaration and calls for its rejection (Docket No. 113, Pl. Memo. at 11; <u>id.</u>, Pl. Atty. Decl. ¶ 22).

Passino's original Declaration (Docket No. 110) and the corrected version filed by Defendant (Docket No. 111) were not signed under penalty of perjury, as required for admissible unsworn Declarations under 28 U.S.C. § 1746.  Ms. Passino's Declarations were signed and dated but she merely declared without the invocation of perjury if her statement was untrue.

Defendant submits in reply a revised version of Ms. Passino's declaration, stating that it was declared "in accordance with 28 U.S.C. § 1746 . . . under penalty of perjury" (Docket No. 118, Ex. A, revised Decl.) hence substantially complying with § 1746 and mooting Plaintiff's objection (Docket No. 118, Def. Reply Memo. at 2 n.1).  The substance of the remainder of the revision is identical to the original Declaration.  The only change is Ms. Passino declared these facts under penalty of perjury.

This Court finds that the revised Declaration substantially complies with § 1746, <u>LeBoeuf</u>, <u>supra</u>, 185 F.3d at 65-66.  The Second Circuit in <u>LeBeouf</u> allowed admission of defendant's unsworn letter despite not containing the exact language of § 1746 where it was made "under penalty of perjury," <u>id.</u> at 65.  Thus, this Court shall consider Passino's Declaration.  As a result, this Court next considers whether Defendant could seek reconsideration upon this statement of the alleged facts.

D.  Reconsideration

Plaintiff's only remaining retaliation claims surviving summary judgment were the denied payment of Plaintiff's disability benefits in November 2013 to February 2014, as Defendant claims.  Defendant now proffers evidence that the payments were delayed rather than denied and that Plaintiff eventually received a total of $24,311.76 for benefits. Defendant argues that this delayed amount was de minimis both in amount and extent of delay (Docket No. 110, Def. Memo. at 7).

1.  New Evidence

Defendant is not contending that there is a change in the controlling law or identified clear error of law that should be reexamined.  It seeks reconsideration based upon either new evidence or avoidance of manifest injustice.  This Court first considers whether Defendant presents new evidence or newly discovered evidence to warrant reconsideration.

Defendant initially claimed that the evidence of Plaintiff's delayed benefits in 2013-14 was newly discovered (cf. id. at 11).  Passino states that she reviewed General Motors' business records (such as payroll records it maintains) as well as records and information from its agent, Sedgwick (Docket No. 118, Ex. A, revised Decl. ¶ 4).  Defendant, however, does not contend that these records were missing, unavailable, or otherwise newly discovered by it; no explanation is given why Defendant did not produce this evidence in support of its Summary Judgment Motion.

This scenario is like what was presented in Fairbank Reconstruction, where the movant there sought leave to appeal an interlocutory Order denying it relief but failed to

16

provide new evidence to support the extraordinary relief of certifying an interlocutory appeal, 2020 WL 7427025, at *6-7.  This Court concluded that the evidence there was not new, and movant had not shown they exercised reasonable diligence in obtaining the "new" evidence.  The movant had the opportunity to present this evidence or litigate the issue earlier but did not do so, either because of inadvertence or as a strategic maneuver, thus the Rule 54(b) motion was denied, id. at *6, quoting Vornado Realty Tr., supra, 2013 WL 5719000, at *3.

In opposition to Plaintiff's claim of cut off disability benefits (see Docket No. 76, Def. Statement ¶ 100), Defendant argued in support of its Motion for Summary Judgment that it was merely a temporary cessation of disability benefits (Docket No. 89, Def. Reply Memo. at 11) without the details of the restoration and payment.  It also generally claimed that Plaintiff's alleged retaliatory actions were de minimis (see Docket No. 76, Def. Memo. at 23-24), including the denied or delayed benefits.

Defendant cannot claim now that these details were new or newly discovered.  The records were either its or those of its agent, Sedgwick.  Defendant was aware of the denial of those benefits, Plaintiff's appeal to Sedgwick (see Docket No. 89, Def. Atty. Reply Decl. ¶ 8, Ex. E (Plaintiff letter to Sedwick CMS Nov. 26, 2013, appealing denial of disability benefits)), and the restoration of those benefits.  Defendant, in fact, responded arguing Plaintiff's awareness of this history from Plaintiff's own records in support of reconsideration (Docket No. 110, Def. Notice of Motion at 2).  Defendant fails to show the disability benefit payment history is new evidence.  Thus, Defendant's Rule 54(b) Motion for Reconsideration (Docket No. 110) as "new" evidence is denied.

17

This Court next considers Defendant's alternative ground for reconsideration, to avoid manifest injustice.

### 2.  Avoidance of Manifest Injustice

In reply, Defendant now retreats from this initial new evidence argument, replying that this Court should exercise its discretion and consider the undisclosed facts surrounding Plaintiff's disability benefits to prevent manifest injustice (see Docket No. 118, Def. Reply Memo. at 1-2).   Defendant contends that no retaliation occurred because the denial of Plaintiff's disability benefits was reversed and her benefits eventually paid, hence there was no adverse employment action against Plaintiff to state a prima facie case of Title VII retaliation (id. at 2, 5; Docket No. 110, Def. Memo. at 7-8; see also id. at 8-9, 10 (denial of disability benefits was temporary and thus de minimis)).

Even without knowing why Defendant initially did not produce evidence of Plaintiff's eventual payment, the result with this evidence would change the result in Defendant's Motion for Summary Judgment.  Since Plaintiff was paid (weeks after benefits were due), any loss she suffered in the timing of those payments (or interest unpaid) is minimal.  As observed by Defendant (Docket No. 118, Def. Reply Memo. at 3; cf. Docket No. 113, Pl. Memo. at 9), Plaintiff has not objected to the truth of her eventual payment (see also Docket No. 113, Pl. Memo. at 9), although she argues that the benefits were "cut off" (e.g., Docket No. 113, Pl. Memo. at 10) and has not conceded repayment.

To state a prima facie case for Title VII retaliation (or under the New York State Human Rights Law, see Cruz, supra, 202 F.3d at 565 n.1), Plaintiff needs to show the adverse employment action (here the denied or delayed payment) was material, White,

supra, 548 U.S. at 68, to separate "significant" actionable retaliatory acts from "trivial harms," id.  Passino's Declaration (Docket No. 118, Ex. A) and attached exhibits (Docket No. 110, Ex.) shows how slight Plaintiff's injury was (if injured at all).  Plaintiff received full payment of the disability benefits (including a later accounted $3).

Denial of reconsideration here would result in manifest injustice and potentially allow this case to go to trial unnecessarily when the issue of retaliation might later be decided as a matter of law.  With Defendant's proffered evidence, Plaintiff cannot show that she suffered a significant harm to state a prima facie claim.  It makes little sense by denying reconsideration to require Defendant to file a second Motion for Summary Judgment on this discrete point or have the case go to jury trial when the result is now obvious.  Therefore, this Court exercises its discretion and will reconsider Defendant's Motion for Summary Judgment on the proffered evidence in Defendant's Motion for Reconsideration (Docket No. 110).  Defendant's present Motion for Reconsideration (id.) to avoid manifest injustice is granted.

E.  Summary Judgment Reconsidered

With Defendant's evidence of eventual payment of Plaintiff, Plaintiff has not suffered an adverse employment action in the denial, reinstatement, and delay in payment of her disability benefits, thus she has not stated a prima facie case for retaliation under Title VII, Jones, supra, 2012 WL 1116906, at *14; Messer, supra, 2007 WL 136027, at *13.  This Court rejects Plaintiff's arguments distinguishing this precedent because she claims her benefits were cut off while the salary in Jones was delayed, Jones, supra, 2012 WL 116906, at *14, and the benefits were terminated in Messer, supra, 2007 WL

136027, at *13, but that plaintiff's health benefits were not denied (Docket No. 113, Pl. Memo. at  9, 10).

Plaintiff's case is akin to <u>Messer</u>, where the defendant New York City Board of Education terminated the COBRA health benefit of school psychologist Anthony Stylianou and his domestic partner Linda Tieber but then reinstated the benefits shortly thereafter retroactive to the termination date, arguing successfully that the brief termination was not an adverse employment action for a Title VII retaliation claim, <u>id.</u> at *13, 1 & n.1, 5.  On April 26, 1999, the Board of Education terminated the COBRA benefits to Stylianou and Tieber, retroactive to February 22, 1999.  Stylianou and Tieber complained to the Board of Education and the Board restored benefits in May 1999 retroactive to April 26.  <u>Id.</u> at *5.  Citing <u>White</u>, <u>supra</u>, 548 U.S. at 68-69, the court in <u>Messer</u> concluded that "Because plaintiffs [Stylianou, Tieber, and the trustee of Stylianou's bankruptcy estate] were not actually denied health care coverage during the relevant time period, they are unable to demonstrate that the first health benefit termination constituted a materially adverse employment action," <u>Messer</u>, <u>supra</u>, 2007 WL 136027, at *13 (citing <u>White</u>, <u>supra</u>, 548 U.S. at 67 (antiretaliation provision of Title VII does not protect against all retaliation but only injurious retaliation)).  The court held that plaintiffs had not establish a <u>prima facie</u> case of retaliation for the temporarily denied health benefits, <u>id.</u>  This is based upon the reasonable employee standard for determining whether this delay in payment was an adverse action to state a <u>prima face</u> case, <u>White</u>, <u>supra</u>, 548 U.S. at 68-69.

Plaintiff in this case distinguishes the cut of her benefits from the denial and restoration of benefits in <u>Messer</u> (<u>id.</u> at 9) but "cut off" is not a term of art (<u>cf.</u> Docket

No. 118, Def. Reply Memo. at 2-3 (no material difference between a "delayed" payment and one that is denied but later reinstated), 4 (no distinction between a delayed payment and one "cut off")).  Plaintiff concedes in her argument that she was paid in February 2014 (Docket No. 113, Pl. Memo. at 9).  What happened to Plaintiff's disability benefits from November 2013 to February 2014 is the same as what occurred to Stylianou and Tieber and their COBRA benefits with both benefits being denied and later restored.  Thus, Plaintiff failed to state a prima facie claim of an adverse employment action for "cut off" benefits.

A reasonable employee in this situation would find this denial of coverage followed by an appeal, eventual restoration, and payment to be a petty slight.  The measure is not Plaintiff's subjective feelings but the objective standard of the reasonable employee, White, supra, 548 at 68-69.  As the White Court observed, "we refer to reactions of a reasonable employee because we believe that the provision's standard for judging harm must be objective," id. at 68 (emphasis in original), avoiding "the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings," id. at 68-69.  The White Court stated its standard in general terms "because the significance of any given act of retaliation will often depend upon the particular circumstances.  Context matters," id. at 69.  Finally, the standard is "tied to the challenged retaliatory act, not the underlying conduct that forms the basis of the Title VII complaint," id.

The denial and eventual payment upon appeal of disability benefits is a trivial harm and not so significant to state a prima facie claim for retaliation under Title VII or the New

York State Human Rights Law.  Therefore, upon this reconsideration Defendant's Motion for Summary Judgment (specifically to dismiss the Ninth and Tenth Causes of Action) (Docket No. 76; see Docket No. 110) is granted and this case is dismissed.

## IV.    Conclusion

For the reasons stated above, Defendant's Motion for Reconsideration (Docket No. 110) of the denial of its Motion for Summary Judgment (Docket No. 76) is **granted**. Upon that reconsideration, Defendant's Motion for Summary Judgment (Docket No. 76) is now **granted in its entirety** and the remaining causes of action, the Ninth and Tenth Causes of Action for retaliation in violation of Title VII and New York State Human Rights Law respectively, are **dismissed**.  As a result, this case is dismissed, and no trial will be held.

## V.    Orders

IT HEREBY IS ORDERED, that Defendant's Motion for Reconsideration (Docket No. 110) is GRANTED.

FURTHER, Defendant's Motion for Summary Judgment (Docket No. 76) dismissing the Ninth and Tenth Causes of Action (the remaining claims in this case) is GRANTED and summary judgment is GRANTED in its entirety (see Docket No. 91, 2020 WL 6827707).

FURTHER, the Court Clerk is directed to close this case.

SO ORDERED.

Dated:      September 23, 2021
            Buffalo, New York


                                        <u>s/William M. Skretny</u>
                                        WILLIAM M. SKRETNY
                                        United States District Judge